Good morning, Your Honors, and may it please the Court, James Tierney for Petitioner Sergio Reyes-Alvarez. I'd like to reserve one minute for rebuttal. I will watch the clock. The key point here is that the federal offense requires proof of harm, impairment, exploitation, or abuse, or a risk of any of those things. But conviction under Section 288C1 doesn't necessarily involve a jury finding on any of those elements of the generic offense. That means there's a mismatch in elements, and under the Supreme Court's decision in 288K, the state offense is not categorically the federal generic offense. That conclusion flows from the BIA's definition of the generic offense in the way that includes elements that don't appear in state offenses like this one. In matter of SORAM, the agency's latest interpretation, the agency talks about harm, for example, as well as impairment, exploitation, or abuse. Harm could be an element common to some state offenses, but it also could be a factual consequence of offense conduct. DECAMP says that the categorical approach is concerned only with elements and not with facts. Certainly, some state offenses will have matching elements, and that was the case in SORAM, which dealt with a child endangerment offense that included a threat of injury element. But many other offenses, including the one at issue here, don't require a jury finding of harm, impairment, exploitation, or abuse. The BIA's decision and the government's primary argument in its brief then rests on a factual assumption that older adolescents are necessarily harmed by the prohibited conduct. But even if the courts and state legislature might believe that as a factual matter, that policy belief, however true it may be, isn't an element, and a jury finding on that point isn't necessary to a conviction under the state offense. Sotomayor, how do we get around the broad definition? I think it's a matter of Velazquez-Herrera provides in defining or interpreting crime of child abuse. I'm trying to figure out how a violation of this Section 288c.1 is not categorically any act that induces a child to engage in sexually explicit conduct. Well, Your Honor, the question then is whether the jury then must find sexually explicit conduct. And the California Supreme Court's decision in Mikkel approves a jury instruction which reflects that a 15-year-old could, that the defendant could be convicted under Section 288 for instructing or requesting a 15-year-old to disrobe. And that, there's nothing about disrobing that is necessarily sexually explicit. People disrobe at the beach, they disrobe at, you know, a locker room. So it's not necessary for the jury to find sexually explicit conduct. That's not to say that perhaps a broad range of cases fall into that. But I think even Mikkel said, though, that disrobing and sexual intent must coincide in order for the crime to occur. So I guess even under this disrobing theory that you have, it seems like a violation of 288c.1 qualifies as a crime of child abuse because it involves an act that, or involves an act that induced a child to engage in prostitution, pornography, or other sexually explicit conduct. So I'm trying to figure out how the disrobing theory helps you. Certainly, I agree with that interpretation. I think the difference is that the intent comes into the mens rea element. The intent can be to have either the minor or the adult gratified, whereas the conduct doesn't necessarily require, as the California Supreme Court held in the Martinez case, I think it was Martinez, you can be convicted without proof that the act itself is lewd, and lewdness comes in under the intent element. And so it may well be that you have a completely innocent touching that is combined with a lewd intent. And so on that case ---- I'm sorry, I'm sorry, I'm sorry, I'm sorry, I lost you. Doesn't the statute require an intent of arousing, appealing, gratifying, lust, passion, and so on? Yes. The statute does have that as the mens rea, the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child. So it may well be that, you know, the defendant had an intent of performing an act that was sexual in nature or that was intended to gratify, but the act itself is not necessarily lewd. And so it's not necessary to a conviction under the State statute that the act itself be sexually explicit within the meaning of Velasquez horror. I'm sorry, you've lost me. I mean, there has to be a finding that there was an act with this intent. And you said, well, disrobing is not necessarily sexual. Okay, so if you go to the doctor, I suppose, you know, or in the locker room, as you say. But if you combine the act, getting somebody to disrobe with this mens rea, why doesn't that cover the universe? I mean, any disrobing that's of this nature done with this intent, why isn't that? Well, certainly, Your Honor, you're correct that there must be a lewdness finding with respect to intent, but again, I think there's a mismatch in terms of the element, as I think Velasquez-Herrera said, that the conduct itself has to be sexually explicit as compared to the intent. Now the conduct itself has to be sexually explicit as well as the intent, but don't we figure out if the conduct is sexually explicit? I mean, aren't they just so intertwined? I'm trying to figure out, it seems like you're trying to parse things out very finely. That's correct, Your Honor. So I think the difference, if I understand your question, you're asking whether the- Well, I'm just trying to understand your theory because, to me, this is so broadly defined. I mean, it encompasses so much. I'm trying to figure out how what you're arguing makes sense, and I'm just having trouble making sense of it. So it may be me, I just don't want you to give me your best shot right now. No, it's probably me. Give me your best shot at explaining it. Well, certainly I appreciate that. The BIA has defined this, I think, in a way that they say if you conclude that generally the conduct at issue here is, you know, sexually explicit, that that falls within the generic offense. The problem with that definition is that it looks to the underlying offense conduct as compared to what the jury must necessarily find. And so to the extent that the jury is not required to find that the conduct itself is sexually explicit- I'm sorry, you're saying that it has to be conduct that can only be sexual? No, it could also be- I mean, you know, when you go to the doctor, for example, the doctor does certain things, you know, palpating, you know, you've been there, right, we all have, which if done in another context, with another state of mind, would be sexual, but not sexual. He's feeling for lumps, you know, whatever doctors do when they palpate your body. So I'm having trouble finding very many acts that are inherently sexual that couldn't- you've got to sort of add the act and the mental state. And the statute seems to marry the two. That's correct, Your Honor. However, the BIA's definition separates the mens rea from the actus rea, and it says you need to have a mens rea of at least criminally negligent, and we'll concede for now that the intent of Section 288C1 is within that mens rea. The difference is that the conduct that is criminalized in Section 288C1 is outside the actus rea of maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation. I see I have a minute left, so if I may. Okay. We'll hear from the government. May it please the Court. My name is Jesse Lorenz, and I represent the Attorney General of the United States. This Court should deny the petition- Why don't you – I appreciate that you might have an opening and I don't mean to be rude- Fair enough. But why don't – it would just be probably most helpful to directly respond to- Okay. Well, what I would say about his argument basically is that under the California Supreme Court's decision in Martinez, some of the court of appeals decisions, the jury necessarily has to find a sexually exploitive intent. They have to find – basically, the focus of the statute is whatever lewd conduct it has to be coupled with the exploitive intent. This is in People v. Lopez is a good example of this, 185 Cal Appellate 4th, 1220. Basically, any touching that's coupled with a sexually exploitive intent will satisfy – or the jury will have to find that in determining that, you know, a perpetrator has committed Section 288C1. So I think to that, I think those cases, that line of cases forecloses Petitioner's argument. This Court should determine that 288C1 categorically fits within the broad definition of the term crime abuse, child neglect, and child abandonment. Indeed, both INA and Cal Penal Code target adults who sexually exploit children. Counsel, what's your response to opposing counsel's specific argument that the statute does not meet the actus reus, maltreatment of a child? Well, I believe that it does. I mean, it's important to focus on the fact that the conduct in 288C1 is being coupled with this sexually exploitive intent that the California courts have said necessarily harms a child. I think that's the best answer I can give. What's the strongest California case that you have to support the argument that the conduct that is prohibited meets the actus reus, maltreatment of a child? What California case most clearly says that? I think People v. Martinez is very clear. The Lopez case that I just mentioned, even Petitioner's own case, the case he relies on, Mikkel, the disrobing theory, I think those cases very clearly set forth that the act, whatever the act is, has to be the jury has to find that it is coupled with this sexually explicit or exploitive intent that the perpetrator has. So I think all those cases very strongly support the Board's conclusion that Section 288C1 does fall within the very broad definition of crime of child abuse, neglect, abandonment, that this Court has accorded Chevron deference to in its decision in Fregoso. Okay. Thank you. Thank you, Your Honor. You done? I don't have anything else unless this Court has any further questions. You have a minute for rebuttal. Thank you, Your Honors. Nothing in Martinez, Lopez, or Mikkel requires that the jury find that the actus reis meet any of the elements of the generic Federal offense. If there are no further questions. Okay. Thank you. Thank you. Thank you for your pro bono representation of this client. Thank you, Your Honor. The case is argued with tense amends.
judges: Kozinski, Rawlinson, Murguia